IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY THOMAS, # B-45371, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1212-MJR |
| ) | |
| K. JAIMET, ) | |
| L. LOVE, ) | |
| D. HILLER, ) | |
| WARDEN LASHBROOK, ) | |
| and W. LAWLESS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose in January 2017, while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Defendants knowingly placed him in a cell with a hostile cellmate, who then physically attacked him. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## **The Complaint**

On January 29, 2017, Plaintiff was returning to his cell from a visit to the Health Care Unit, when he told Lt. Lawless that he feared for his life. (Doc. 1, p. 5). Plaintiff said that his cellmate (Lyles) had been getting aggressive and threatening to "kick [Plaintiff's] ass." *Id.* C/O Hiller told Plaintiff that he should pack up his belongings so that he could be moved, and Hiller

placed Plaintiff back in the cell with Lyles. (Doc. 1, pp. 5, 14). Hiller then walked away, leaving Plaintiff with no security. Soon thereafter, Lyles attacked and beat Plaintiff. *Id.* Plaintiff's injured lip required stitches, and his right leg was hurt. (Doc. 1, p. 14).

Plaintiff claims that the John Doe #1 Placement Officer (who is not listed as a Defendant) (Doc. 1, pp. 1-2) housed him in the cell with Lyles, who was "violent and unstable." (Doc. 1, pp. 5-6).

Plaintiff further asserts that Pinckneyville officials have a policy or practice of refusing to move inmates to a different cell or into protective custody until the inmate has suffered physical harm and/or incurred a disciplinary ticket. (Doc. 1, p. 6). He claims that he put the C/O's named above as well as the Pinckneyville warden on notice that he needed protection from the cellmate because of the cellmate's threats. (Doc. 1, p. 6).

As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Doc. 1, pp. 7-8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against Lawless and Hiller, for failing to protect Plaintiff from the January 29, 2017, attack by his cellmate;
>
> **Count 2:** Eighth Amendment claim against Jaimet, Love, and Lashbrook, for failing to protect Plaintiff from the January 29, 2017, attack by his cellmate.

Count 1 shall proceed for further review. Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

The Court will not recognize a claim against the John Doe #1 Placement Officer, because Plaintiff did not include this person in the case caption or among the listed Defendants. (Doc. 1, pp. 1-2). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). If Plaintiff intended to bring a claim against the John Doe #1 Placement Officer, he must submit an amended complaint in compliance with Federal Rule of Civil Procedure 15 and SDIL Local Rule 15.1.

### Count 1 – Failure to Protect – Correctional Officers

According to Plaintiff, he told Lawless and Hiller on January 29, 2018, that he feared for his safety because of his cellmate's (Lyles) threats. Lawless and Hiller indicated that Plaintiff would be moved, yet Hiller locked Plaintiff back in the cell with Lyles and left the area without taking any measures to protect Plaintiff. Lyles took that opportunity to attack Plaintiff.

Taking these facts as true, Plaintiff states a viable claim against Lawless and Hiller for failing to protect him from Lyles. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (to incur liability, defendant must have displayed "deliberate indifference" to a known danger); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (plaintiff must have informed officials about a specific threat to his safety). **Count 1** shall proceed for further review.

### Dismissal of Count 2 – Failure to Protect – Wardens/Administrators

In contrast to the above, Plaintiff's Complaint fails to set forth any facts to indicate that he had any direct communication with Warden Jaimet, Warden Lashbrook, or Assistant Warden Love that would have informed those officials about Lyles' threats or Plaintiff's desire to be moved to a different cell. Plaintiff alleges that he "put the above C/O's and Warden at (PVCC) on notice" that he needed protection. (Doc. 1, p. 6). However, he does not describe how the alleged "notice" was conveyed to the Warden (nor does he state which of the 3 wardens allegedly received "notice"). In the absence of any factual allegation to show that a warden received some communication from Plaintiff to inform the warden of Lyles' threat, the Court cannot presume that Jaimet, Lashbrook, or Love knew about the threat in time to take any action before Lyles attacked Plaintiff. In order to state an Eighth Amendment claim for failure to protect an inmate from danger, the Defendant[s] had to know in advance that there was a substantial risk that the person who attacked Plaintiff would do so, yet failed to take any action to prevent the harm. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Furthermore, the wardens cannot be held liable merely because they supervised Lawless and Hiller, who had actual notice of the threat. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740.

For these reasons, **Count 2** and Defendants Jaimet, Love, and Lashbrook shall be dismissed from the action without prejudice at this time.

### Injunctive Relief

To the extent that Plaintiff seeks injunctive relief with reference to the alleged policy/practice of Pinckneyville officials to refuse to relocate inmates until a physical injury or

disciplinary infraction occurs, his request for an injunction appears to have become moot. Plaintiff was not housed at Pinckneyville at the time he filed the Complaint (Doc. 1, pp. 1, 8), nor is he currently held there. (Doc. 9). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **JAIMET, LOVE,** and **LASHBROOK** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HILLER** and **LAWLESS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 24, 2018**

**s/ MICHAEL J. REAGAN**
**District Judge**
**United States District Court**
