IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-01212-MAB |
| | ) |
| K. JAIMET, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration, filed on May 17, 2021 (Doc. 64). For the reasons set forth below, the motion is **DENIED.**

This matter was originally filed June 7, 2018 while Plaintiff was incarcerated within the Illinois Department of Corrections ("IDOC"). The Court closed this matter on April 30, 2021 (Docs. 62, 63) pursuant to Rule 41(b) after Plaintiff did not respond to Defendants' motion for summary judgment (Doc. 56) or the Court's Order extending Plaintiff's response deadline (Doc. 59). This Order also warned Plaintiff that should he not respond, this case would be closed for failure to prosecute under Rule 41(b). FED. R. CIV. P. 41(b).

Plaintiff's motion can be treated either as a motion to alter or amend judgment under Rule 59(e) or a motion to vacate judgment under Rule 60(b). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542,

546 (7th Cir. 2006). "Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Id.* (citing FED. R. CIV. P. 60(b)). While Plaintiff does not detail whether he brings this motion pursuant to Rule 59(e) or 60(b), it appears that his motion is better analyzed under Rule 60(b), as he has not identified a manifest error of law or an intervening change in the controlling law, as required by Rule 59(e).

Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'"). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The Rule permits a court to vacate a judgment, order, or proceeding based on one of six specific grounds:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

For grounds one, two, and three, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Plaintiff filed his motion for reconsideration on May 17, 2021 (17 days after judgment was entered). He is well-within the aforementioned time frame required for grounds one through three. Plaintiff does not assert that there is new evidence or fraud (grounds two and three), but it appears that Plaintiff may be arguing that there was a mistake, specifically with his address, which is reason for the judgment to be overturned. The Court will therefore consider Plaintiff's motion under the first prong of Rule 60(b) - specifically Rule 60(b)(1).

Grounds four and five are not applicable in this matter. That leaves only ground six in addition to one. Ground six is the "catchall provision of Rule 60" and permits a district court to reopen a judgment for any reason that justifies relief. *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'").

Plaintiff's motion for reconsideration is short (only two pages), and he asks the

Court to reopen his case and set aside the judgment because he never received the letters regarding the pending motion for summary judgment and he is suffering from back and foot ailments and conditions (Doc. 64, p. 1). From the outset, the Court is hard pressed to see how Plaintiff's back and foot ailments impeded his ability to prepare a response brief. Nor does Plaintiff explain how his ailments impeded his participation in this case. Accordingly, Plaintiff's ailments cannot be used to obtain the relief he seeks.

On the second page of Plaintiff's motion, he seems to indicate that the Court had an incorrect address on file for him. He writes, "My correct address," and then lists his address as 611 Gordon Avenue, Calumet City, Illinois 60409 (Doc. 64, p. 2). Then, he writes that the "error/change" is that his apartment number is "1." *Id.* However, a review of the docket reveals that the Court has had this exact address[1] on file for Plaintiff since October 29, 2018 (Doc. 25). At that time, Plaintiff indicated he lived on the "second floor" and did not indicate that his apartment number is "1." (*Id.*). It appears that Plaintiff is attempting to argue that listing "second floor" instead of "Apartment 1" is a mistake that should provide the Court a basis to set aside judgment and reopen this case. To further support his argument, Plaintiff indicates he never received notice of Defendants' motion for summary judgment, filed on January 15, 2021, so he did not respond to it (Docs. 56, 57).

Plaintiff is reminded that he has an independent responsibility to keep the Court, and Defendants, apprised of his current address. *See* SDIL-LR 7.1(b). If his address

---

[1] Plaintiff's address on file with the Court since 2018 is 611 Gordon Avenue, Calumet City, Illinois 60409.

changed, and he moved (presumably) from the second floor to the first, he should have filed a notice with the Court indicating his current address. Plaintiff has been aware of this responsibility since at least 2018 (*See* Doc. 8, instructing Plaintiff to file a notice of change of address with the Court and that failure to do so will result in dismissal of the action). In fact, Plaintiff has filed a notice of change of address in this matter on July 20, 2018 (Doc. 9) and October 29, 2018 (Doc. 25). The Court also confirmed with Plaintiff his current address during a status conference held on December 17, 2018 (Doc. 30).

Furthermore, the Court is not convinced that this small change in his address actually impacted his communication with the Court and Defendants. The parties have been in communication since 2018 at the Gordon Avenue address. For example, a hearing was set before the Court on November 29, 2018 (Doc. 28). Notice of this hearing was sent to Plaintiff and he appeared (Doc. 30). Similarly, Defendants filed a motion for an extension of time to complete discovery on or around March 2, 2020, indicating that while it was difficult to stay in communication with Plaintiff now that he was released from IDOC custody, they had been able to schedule his deposition (Doc. 41). Leading up to the motion for summary judgment, Defendants requested a series of extensions of time (*See* Docs. 41, 46, 48, 50). In the fourth motion for extension of time, Defendants detail that they sent a letter to Plaintiff at his last known address (Gordon Avenue, Second Floor) on September 1, 2020 to schedule Plaintiff's deposition, and Plaintiff responded on September 16, 2020 (Doc. 50).

Additionally, after Plaintiff did not respond to the motion for summary judgment, the Court issued an Order to Show Cause (Doc. 59), which resulted in an almost two

month extension for Plaintiff to respond to the motion. Plaintiff does not indicate in his motion for reconsideration that he did not receive this notice. Plaintiff obviously received notice of the order dismissing the case and the clerk's judgment, as he then filed a motion for reconsideration (Docs. 62, 64).

For these reasons, the Plaintiff has failed to demonstrate that there is basis for vacating its order of dismissal and setting the judgment aside pursuant to Rule 60(b)(1) or (b)(6). Accordingly, Plaintiff's motion is **DENIED (**Doc. 64).

**IT IS SO ORDERED.**

**DATED: July 6, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**